Thompson v. Department of Corrections Rockingham Co. Jail                    Doc. 2

```
CLERK'S OFFICE U.S. DIST. COURT
       AT ROANOKE, VA
           FILED
        MAY 0 3 2005
   JOHN F. CORCORAN, CLERK
   BY:
         DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES THOMPSON, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF CORRECTIONS, )<br>et al., )<br>    Defendant(s). ) | Civil Action No. 7:05-cv-00261<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff James Thompson, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Thompson alleges that although he has been sentenced to serve his incarceration in the Virginia Department of Corrections (VDOC), he is still being housed in the Rockingham County Jail (the Jail), where he does not enjoy all the privileges and programs available to inmates housed in VDOC facilities. Specifically, he complains that he does not have access to proper medical, dental, or learning facilities, and he complains that the law library does not have proper law books or anyone knowledgeable to help with legal matters. He asserts that he has suffered mental anguish because he does not have proper access to such programs as anger management, breaking barriers, and pre-release courses. He sues the VDOC and the Jail, seeking to be transferred immediately to a VDOC facility so that he may have all the privileges available to VDOC inmates. Upon review of the complaint, the court finds that Thompson's allegations fail to state any claim upon which he is entitled to relief, his action must be dismissed without prejudice, pursuant to §1915A(b)(1). Under this provision, the court may dismiss an action filed in forma pauperis at any time for failure to state a claim upon which relief may be granted.

To state a cause of action under §1983, a plaintiff must establish that he has been

1

Dockets.Justia.com

deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The VDOC, like any state or state agency or department, is not a "person" within the meaning of §1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Thompson also cannot maintain his action against the Jail, since local jails are not "persons" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). The court could grant Thompson, as a pro se plaintiff, an opportunity to name individuals as proper defendants to the lawsuit. Because the court finds that plaintiff's allegations fail to state any claim actionable under §1983 against anyone, however, the court will not stay the case to allow amendment.

First, inmates have no constitutional right to be housed in any particular prison or jail. Meachum v. Fano, 427 U.S. 215 (1976). Consequently, state inmates have no constitutional right to be housed in a state prison facility as opposed to a local jail. Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993). Second, a state inmate in a local jail is not similarly situated to state inmates in state facilities and therefore, has no constitutional claim based on the fact that he does not have the same access to programs and privileges at a local jail as he would have if housed in a state prison facility. Id.; Moss v. Clark, 886 F.2d 686 (4th Cir. 1989).

Third, Thompson's allegations fail to state any independent constitutional claims regarding lack of access to medical, dental or rehabilitation programs. He does not allege facts indicating that he has any serious medical need for medical treatment or dental care not available to him at the Jail. See Estelle v. Gamble, 429 U.S. 97 (1976) (finding that Eighth Amendment prohibits deliberate indifference to serious medical needs). Inmates have no independent constitutional right to receive

rehabilitational or educational programs while in prison. See Bowring v. Godwin, 551 F.2d 44, 48 n. 2 (4th Cir. 1977). Therefore, Thompson's lack of access at the Jail to desired rehabilitation or education programs does not state any constitutionally significant claim.

Finally, Thompson does not allege facts stating any actionable claim concerning the shortcomings of the Jail's law library and legal assistance for inmates. Inmates have a guaranteed right to reasonable access to both state and federal courts and to communication with attorneys. Ex parte Hull, 312 U.S. 456 (1941); Procunier v. Martinez, 416 U.S. 396 (1974). However, where an inmate alleges that he has been denied some item necessary for meaningful litigation, such as specific legal materials, the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item. Lewis v. Casey, 518 U.S. 343 (1996). Thompson does not even allege that he is pursuing, or plans to pursue, litigation and certainly does not allege any specific injury that he has suffered to his litigation efforts due to the Jail library's materials or lack of legal assistance. Accordingly, he fails to state any constitutional claim under Casey.

In conclusion, the court finds that Thompson's allegations fail to state any claim of constitutional significance. Therefore, the court will dismiss his entire complaint, pursuant to §1915A(b)(1). An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendant(s).

ENTER: This 29th day of April, 2005.

Senior United States District Judge

3